UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-cv-00185-SEB-DML |
| | ) |
| DARLENE VICARS, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 51)**

Plaintiff "Joe Hand Promotions," a Delaware corporation, brought this action against Defendants Leann Richardson ("Richardson"), Darlene Vicars ("Vicars"), and "The Wing Company," an Indiana limited liability company, seeking to recover for Defendants' alleged unlawful interception of cable programming to which Joe Hand Promotions held the exclusive license. Now before the Court is Joe Hand Promotions's motion for summary judgment. For the reasons explained below, the motion is granted in part and denied in part.

**Background**

The Wing Company was a bar and restaurant in Sunman, Indiana. On December 28, 2013, The Wing Company screened for its patrons a mixed-martial-arts fight billed as *Ultimate Fighting Championship 168: Chris Weidman vs. Anderson Silva* ("*UFC 168*"). Joe Hand Promotions owned the exclusive commercial distribution rights to *UFC 168*. Apparently believing that The Wing Company was planning to screen *UFC 168* commercially without its authorization, and apparently preferring a federal enforcement

action to actual compliance, Joe Hand Promotions sent a private investigator to The Wing Company on the night in question to observe the allegedly unlawful screening. The investigator observed the screening and recorded the license plate numbers of cars he observed on the street outside The Wing Company.

This action followed.

## **Standard of Decision**

As the Seventh Circuit has explained succinctly,

> A motion for summary judgment is a contention that the material facts are undisputed and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The party pursuing the motion must make an initial showing that the agreed-upon facts support a judgment in its favor. *See* Rule 56(a) & (c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Where, as here, the movant is seeking summary judgment on a claim as to which it bears the burden of proof, it must lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim. *See Reserve Supply Corp. v. Owens–Corning Fiberglas Corp.*, 971 F.2d 37, 42 (7th Cir.1992). If the movant has failed to make this initial showing, the court is obligated to deny the motion. *See Johnson v. Hix Wrecker Serv., Inc.*, 651 F.3d 658, 662 (7th Cir.2011).

*Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015) (additional citations omitted).

Summary judgment may be granted on fewer than all the issues raised by the movant. Fed. R. Civ. P. 56(g). In such cases, the court's ruling may be revisited at any time before entry of final judgment. Fed. R. Civ. P. 54(b). *See* 10B Charles Alan Wright & Arthur R. Miller *et al.*, *Federal Practice and Procedure* § 2737 (4th ed. 2018).

## Analysis

The complaint cites two statutory provisions, 47 U.S.C. §§ 553, 605. Section 553 provides in relevant part, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). Section 605 provides in relevant part,

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

*Id.* § 605(a), sentences 2–3. Both sections authorize criminal and civil actions for their violation. The statutes impose strict liability in civil cases. *J&J Sports Prods., Inc. v. Navarro*, 229 F. Supp. 3d 793, 798 (N.D. Ind. 2017).

Where, as here, unauthorized reception of cable transmissions is complained of, *see* Richardson Aff. (Dkt. 55 Ex. 1) ¶¶ 4–7, the civil or criminal plaintiff must proceed under Section 553; Section 605 is not available to it. *J&J Sports Prods., Inc. v. Mandell Family Ventures, LLC*, 751 F.3d 346, 353 (5th Cir. 2014) (civil case); *United States v. Norris*, 88 F.3d 462, 469 (7th Cir. 1996) (criminal case); *G&G Closed Circuit Events, LLC v. Castillo*, —F. Supp. 3d—, 2018 WL 3046934, at *6 (N.D. Ill. 2018) (civil case); *Joe Hand Promotions, Inc. v. Matijevich*, No. 2:15-cv-93-JEM, 2017 WL 1090945, at *2 (N.D. Ind. Mar. 22, 2017) (same). Thus, we direct our attention to Section 553 only.

As a preliminary matter, Joe Hand Promotions contends that it is effectively entitled to judgment by default for Defendants' failure timely to respond to its requests for admissions. *See* Fed. R. Civ. P. 36(a)(3), (b). The record shows that, on December 19, 2016, counsel for Joe Hand Promotions mailed a set of requests for admissions to Defendants. Dkt. 52 Ex. 1, at 18–22. By letter dated January 25, 2017, counsel notified Defendants that they had not yet responded to the outstanding discovery request. *Id.* at 23. In its brief, Joe Hand Promotions avers that Defendants did not respond until March 6, 2017. Br. Supp. 2. These matters are uncontested by Defendants.

Under Federal Rule of Civil Procedure 36(a), "a party who fails to respond to requests for admission with 30 days is deemed to have admitted those requests[.]" *McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003). "Federal Rule of Civil Procedure 36(b) states that 'a matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.'" *Tate & Lyle Ams. LLC v. Glatt Air Techniques Inc.*, 863 F.3d 569, 571 (7th Cir. 2017). Thus, "'a judicial admission is conclusive, unless the court allows it to be withdrawn'" on the party's motion. *Id.* (quoting *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995)). Absent such a motion, a court has no discretion to deny conclusive effect to matters deemed admitted under Rule 36; it may not do so on its own motion. *Id.*; *McCann*, 337 F.3d at 788. "Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *United States v. Kasuboki*, 834 F.2d 1345, 1350 (7th Cir. 1987), *quoted in McCann*, 337 F.3d at 788.

Here, Defendants do not contest that they failed to respond to Joe Hand Promotions's requests for admissions within thirty days. And Defendants have not filed any motion to withdraw or amend those admissions, either before or after the instant motion for summary judgment was filed. Accordingly, we are forced to conclude that Defendants are bound by the following admissions:

1. Neither [Defendants] nor anyone else ordered [*UFC 168*] for [The Wing Company].
2. Neither [Defendants] nor anyone else ordered [*UFC 168*] for The Wing Company from any authorized party with the intention of paying Joe Hand Promotions for the telecast of [*UFC 168*].
3. [Defendants] and/or [their] agents, and/or employees intercepted the broadcast of [*UFC 168*].
4. [Defendants] and/or [their] agents, and/or employees broadcast [*UFC 168*] in [The Wing Company].
5. In advance of [*UFC 168*], [Defendants] advertised that [*UFC 168*] would be telecast within [The Wing Company].
6. [*UFC 168*] was shown on December 28, 2013.
7. [Defendants] know that [p]atrons watched [*UFC 168*] on the premises.
8. During the one year prior to December 28, 2013, [The Wing Company] has broadcast professional boxing matches other than [*UFC 168*].
9. [*UFC 168*] was received within [The Wing Company] because residential cable was diverted into [The Wing Company].
10. The establishment did not obtain a license to broadcast [*UFC 168*].
11. [*UFC 168*] was received by [The Wing Company] because its agent employed some means to intercept or receive [*UFC 168*].

12. [Richardson] is or was the owner or operator of [The Wing Company] on December 28, 2013/December 29, 2013 and/or the person in charge.

13. [Vicars] is or was the owner or operator of [The Wing Company] on December 28, 2013/December 29, 2013 and/or the person in charge.

14. The persons at [The Wing Company] serving as bartenders, and/or managers acted on [Defendants'] behalf.

15. The television monitors within [The Wing Company] exist for the viewing pleasure of the patrons.

16. [The Wing Company] exhibits programming that is believed to be of interest to [The Wing Company's] [p]atrons.

17. There are no documents, writings, letters, records or papers of any sort which Defendant[s] intend[] to utilize as evidence of a basis for any defense in this action.

Dkt. 52 Ex. 1, at 19–21 (original numbering corrected). We proceed now to consider what effect these admissions have on the instant motion for summary judgment.

First, summary judgment must be denied as to Richardson because it is genuinely disputed whether she may be held personally liable for any violation of Section 553.

> In determining the extent to which an individual is personally liable in this situation, the text of the statute[] [is] silent on this issue and the Seventh Circuit has not adopted a specific test. Many courts, however, have adopted an approach promulgated in *Softel, Inc. v. Dragon Med. & Sci. Communs.*, 118 F.3d 955, 971 (2d Cir. 1997), a copyright case, that found individual liability where the individual: (1) has a right and ability to supervise violations; and (2) possesses an obvious and direct financial interest in the misconduct.

*J&J Sports Prods., Inc. v. La Pica #3 LLC*, No. 15-CV-590-JPS, 2016 WL 1389979, at *3 (E.D. Wis. Apr. 7, 2016) (citing cases applying *Softel*).

Richardson admits by default that she was the "owner or operator" of The Wing Company, "and/or the person in charge" there, "on December 28, 2013/December 29, 2013." Dkt. 52 Ex. 1, at 20. In the absence of contrary evidence or argument from Defendants, and perhaps in combination with other deemed admissions, that might be enough to show Richardson's right and ability to supervise a Section 553 violation. But courts have held that, under *Softel*, "allegations of ownership of the establishment, without more, are insufficient" to establish a sufficiently direct financial interest in a Section 553 violation to warrant imposition of individual liability. *Matijevich*, 2017 WL 1090945, at *4 (citing *Joe Hand Promotions, Inc. v. Sharp*, 885 F. Supp. 2d 953, 957 (D. Minn. 2012); *J&J Sports Prods., Inc. v. Santillan*, No. 1:11CV1141, 2012 WL 2861378, at *2 (M.D.N.C. July 11, 2012)). Indeed, Richardson has not even admitted that she *did* own The Wing Company; she admits only that she "owned" *or* "operated" *or* was "in charge" there. Richardson avers differently in her affidavit, Richardson Aff. ¶ 1, but her deemed admissions must be taken as conclusive and may not be contradicted by other evidence. *Tate & Lyle*, 863 F.3d at 571. Accordingly, Joe Hand Promotions is not entitled to judgment as to Richardson.

Second, summary judgment must be denied as to Vicars for the same reason. Vicars's deemed admission to have "owned" or "operated" or been "in charge" at The Wing Company is insufficient to establish her personal liability, as just explained. Dkt. 52 Ex. 1, at 20. The only other record involving Vicars in this case is a print-out of an e-mail purporting to be from "Beth A. Coffman," an "Information Coordinator & Type II Gaming Processor" at the Indiana Alcohol and Tobacco Commission. Dkt. 52 Ex. 1, at 9.

7

The e-mail contains a screenshot of a record purportedly maintained on-line at "mylicenseoffice.in.gov" relating to an entity called "HBL INC," identifying Vicars as the president of that entity. *Id.* Even if this document is admissible—we doubt that it is, but Defendants have not raised the point—it does nothing to establish Vicars's personal liability for any violation of Section 553 by The Wing Company. We have no notion of what "HBL INC" or its relationship to The Wing Company might be. "HBL INC" is not a defendant and appears nowhere else in the record. And there is no other evidence of Vicars's involvement with The Wing Company. Accordingly, Joe Hand Promotions is not entitled to judgment as to Vicars.

Third, The Wing Company has admitted its liability by default, so Joe Hand Promotions is entitled to judgment on that issue. Specifically, The Wing Company admits that it "intercepted" *UFC 168* by "divert[ing]" "residential cable" to its business, or else by "some [other] means," and did not receive *UFC 168* "from any authorized party . . . ." Dkt. 52 Ex. 1, at 19–20. Thus, The Wing Company "intercept[ed] . . . a[] communications service offered over a cable system," without being "specifically authorized to do so by a cable operator," 47 U.S.C. § 553(a)(1), in violation of Section 553. We note that this is, in fact, false, and Joe Hand Promotions's own designation of Defendants' business-account cable bill shows it to be so, assuming the authenticity of that document. *See Mandell Family Ventures*, 751 F.3d at 348–49 (no § 553 violation on materially identical facts). But the law is that the truth must yield to Federal Rule of Civil Procedure 36. *See Tate & Lyle*, 863 F.3d at 571; *McCann*, 337 F.3d at 788.

Fourth, Joe Hand Promotions is not entitled to summary judgment on the issue of damages. Section 553 provides for actual damages and restitution to prevent unjust enrichment, 47 U.S.C. § 553(c)(3)(A)(i); in the alternative, statutory damages not exceeding $10,000, *id.* § 553(c)(3)(A)(ii); enhanced damages for violations "committed willfully and for purposes of commercial advantage or private financial gain," with the enhancement not exceeding $50,000, *id.* § 553(c)(3)(B); and reduced damages for unwitting violations not less than $100. *Id.* § 553(c)(3)(C). Joe Hand Promotions requests fully enhanced statutory damages. Br. Supp. 14–20.

Joe Hand Promotions is not now entitled to the relief it seeks because nothing in the record compels the conclusion that Defendants acted willfully. Defendants deemed admissions do not admit, and do not even permit a nonspeculative inference of, willfulness. Defendants admit that they "and/or [their] agents" intercepted *UFC 168*, and that The Wing Company intercepted *UFC 168* either because "its agent employed some means" of interception or because "residential cable was diverted" to The Wing Company by an unidentified party. Dkt. 52 Ex. 1, at 19–20. These "facts" about what The Wing Company's "agents" or other unknown persons did are entirely too sparse to make out a case of willfulness. And, without contradicting her deemed admissions, *see Tate & Lyle*, 863 F.3d at 571, Richardson avers that any Section 553 by her or The Wing Company was entirely unwitting. Richardson Aff. ¶¶ 11–14.[1] Accordingly, Defendants'

---

[1] Admission 17, that "[t]here are no documents, writings, letters, records or papers of any sort which Defendant[s] intend[] to utilize as evidence of a basis for any defense in this action[,]" Dkt. 52 Ex. 1, at 21, does not preclude our consideration of Richardson's affidavit, styled *Defendant, Leann Richardson's Affidavit in Opposition to Plaintiff's Motion for Summary*

9

willfulness is genuinely disputed and summary judgment as to damages is therefore precluded.

## Conclusion

For the reasons explained above:

The motion for summary judgment is DENIED as to Vicars. Whether Vicars satisfies *Softel* is genuinely disputed.

The motion for summary judgment is DENIED as to Richardson. Whether Richardson satisfies *Softel* is genuinely disputed.

The motion for summary judgment is GRANTED as to The Wing Company on liability.

The motion for summary judgment is DENIED as The Wing Company on damages. The willfulness of Defendants' wrongful conduct is genuinely disputed.

IT IS SO ORDERED.

Date: 9/25/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

---

*Judgment*. Dkt. 55 Ex. 1, at 1. Admission 17 was deemed made in late January 2017, thirty days after it was served on Defendants in late December 2016. *See* Fed. R. Civ. P. 36(a)(3). Admitting that that "were" no documents in January 2017 did not admit that no document would be drawn up in October 2017, when the instant motion for summary judgment was filed. Further, a document designated in opposition to a motion for summary judgment is not "utilized as evidence of a basis for any defense in this action" because Richardson's affidavit is not designated in support of a no-liability defense to the action, but in support of a trial to determine liability in the action. *See Defense* (1.), Black's Law Dictionary (7th ed. 1999).

Kyle A. Cooper
GREENE & COOPER, LLP
kcooper@greenecooper.com

Helen V. Cooper
GREENE & COOPER ATTORNEYS LLP
hcooper@greenecooper.com

Charlie William Gordon
GREENE & COOPER PSC
cgordon@greenecooper.com

John H. Watson
JOHN H. WATSON, ATTORNEY AT LAW
jhw8831701@gmail.com